# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------X

Suzanne Loughlin, Harry Rhulen, and
James Satterfield
                Plaintiffs,

      v.

Glenn Goord

      Defendant.
-------------------------------------------------------X

Index No.     E2020-846

**SUMMONS**

To:    Glenn Goord
       87 Bernsley Rd, Woodridge, NY, 12789

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer on the plaintiffs' attorney within twenty (20) days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

Served
7/13

Case 1:20-cv-06357-LJL-KNF   Document 1-1   Filed 08/12/20   Page 3 of 16

failure to answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated:  July 2, 2020
        New York, New York

 

John J.D. McFerrin-Clancy, Esq.
17 State Street, 40th Floor
New York, New York  10004
(646) 771-7377
jmc@mcferrin-clancy.com

And

Robert C. Boneberg, Esq.
43 Madison Avenue
Maplewood, NJ 07040
bonebergesquire@gmail.com
973.886.6576

*Attorneys For Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------X

Suzanne Loughlin, Harry Rhulen, and
James Satterfield

              Plaintiffs,

Index No.   | E2020-846 |

   v.

**COMPLAINT**

Glenn Goord

         Defendant.
-------------------------------------------------------X

      Plaintiffs Suzanne Loughlin ("Suzy Loughlin"), Harry Rhulen ("Harry Rhulen") and

James Satterfield ("Jim Satterfield") (collectively, "Plaintiffs"), by and through their attorneys,

hereby allege as follows:

### Nature of the Action

      1.  This is an action for damages caused by defendant Glenn Goord's ("Goord")

misconduct while serving as a director of Rekor Systems, Inc. ("Rekor"), that is, betraying his

fiduciary duty to Rekor and to each of the Plaintiffs and, instead, supporting and furthering

Rekor's campaign of retaliation against the Plaintiffs in order to appease the personal interests of

Robert Berman ("Berman"), the CEO and largest shareholder of Rekor.

### Parties

      2.  Plaintiff Suzy Loughlin is a citizen of the State of New York and a resident of

Sullivan County.

      3.  Plaintiff Harry Rhulen is a citizen of the State of Colorado.

      4.  Plaintiff Jim Satterfield is a citizen of the State of Georgia.

      5.  At all times relevant herein, subsequent to January 25, 2017, each of the Plaintiffs

was a shareholder of Rekor.

     6. Upon information and belief, defendant Goord is a citizen of Florida and maintains a residence in Sullivan County, New York.

Background

     7. Upon information and belief, Rekor is a Delaware corporation with its principal place of business in Maryland. (Rekor has changed its name several times in the past few years. Rekor refers to Rekor Systems, Inc., together with its predecessors and subsidiaries, under its current name and all previous names.)

     8. Upon information and belief, Rekor is licensed to do business in New York and does business in New York.

     9. Upon information and belief, Berman is Rekor's largest shareholder.

     10. Upon information and belief, a majority of the Board of Directors of Rekor (the "Board") was nominated for their positions on the Board as a result of their relationships with Berman, either business, or personal, or both.

     11. Upon information and belief, Berman dominates the functioning of and the decisions of the Board.

     12. Upon information and belief, Goord is a long-time friend and colleague of Berman.

     13. Upon information and belief, in 2017, Berman recruited Goord to be on the Rekor Board.

     14. Upon information and belief, Goord is Chair of the Rekor Compensation Committee and a member of the Rekor Audit Committee.

     15. On August 7, 2019, the Rekor annual meeting was held in New York City (the "2019 Annual Meeting").

2

16. Upon information and belief, Goord attended the 2019 Annual Meeting in person.

17. At the 2019 Annual Meeting, Goord was elected to the Rekor Board.

18. As a member of the Rekor Board, Goord owed fiduciary duties to Rekor.

19. As a member of the Rekor Board, Goord owed fiduciary duties to each of the Plaintiffs as shareholders of Rekor.

20. In 2016, Plaintiffs were the majority owners of two entities called Firestorm Solutions LLC and Firestorm Franchising LLC (jointly, "Firestorm").

21. In 2016, Berman approached Plaintiffs to propose that Rekor acquire Firestorm.

22.     On January 25, 2017, Rekor acquired Firestorm and that acquisition (the "Acquisition") was memorialized in a Membership Interest Purchase Agreement, dated January 25, 2017 (the "Purchase Agreement").

23. As a result of this Acquisition process, Firestorm became a wholly-owned subsidiary of Rekor.

24. Pursuant to the Purchase Agreement, each Plaintiff was to be compensated for his or her interests in Firestorm in four different ways: by a cash payment, by Rekor shares, by warrants for Rekor shares (the "Warrants"), and by promissory notes (the "Promissory Notes").

25. Pursuant to the Purchase Agreement, on January 25, 2017, each Plaintiff entered into an employment agreement with Rekor or a sub-subsidiary of Rekor (the Employment Agreements").

26. Pursuant to their respective Employment Agreements, Harry Rhulen served as President of Rekor, Suzy Loughlin served as General Counsel and Chief Administrative Officer of Rekor, and Jim Satterfield continued to serve as President and Chief Executive Officer of Firestorm.

3

## The Retaliation Campaign Against The Plaintiffs

27. In June 2018, Harry Rhulen made a whistleblower complaint to the Board concerning Berman (the "Whistleblower Complaint").

28. After Harry Rhulen made his Whistleblower Complaint, Berman decided to punish Harry Rhulen as well as Suzy Loughlin and Jim Satterfield by a campaign of retaliation (the "Retaliation Campaign").

29. Berman and the Board, including Goord as alleged more particularly herein, decided to use Rekor as their agent for the Retaliation Campaign.

30. Berman was aided and abetted in the Retaliation Campaign by the members of the Board, including Goord, who, at various times and in various combinations, acquiesced to various aspects of the Retaliation Campaign and formally supported various aspects of the Retaliation Campaign.

31.    The Board, individually and collectively, breached their fiduciary duty to the Plaintiffs by their acquiescence to and support for the Retaliation Campaign.

32. In a Form 8-K, filed with the SEC on October 12, 2018, Rekor disclosed that Harry Rhulen had been removed as President of Rekor and appointed as an Executive Vice President of Firestorm.

33. Berman made the decision to remove Harry Rhulen as President of Rekor.

34.    Upon information and belief, Goord, together with all the other members of the Board, discussed the removal of Harry Rhulen from his position as President of Rekor at the time that the removal occurred and supported Berman's decision to demote Harry Rhulen.

35. In December 2018, each of the Plaintiffs resigned their respective positions with Rekor and Firestorm.

4

36. In December 2018, Firestorm and the Plaintiffs entered into an agreement whereby Suzy Loughlin and Jim Satterfield would provide certain personal services (the "Personal Services Agreement") whereby they would perform services for clients of Firestorm for which Firestorm would pay Ms. Loughlin and Mr. Satterfield.

37. In January 2019, plaintiffs established CrisisRisk LLC ("CrisisRisk"), which, among other things, was to serve as a vehicle through which Ms. Loughlin and Mr. Satterfield would provide services pursuant to the Personal Services Agreement.

38.    Upon information and belief, when the Personal Services Agreement was entered into, Berman, or other senior executives at Rekor, or both, approved the entering into that agreement.

39.    In January and February 2019, Firestorm requested that Suzy Loughlin and Jim Satterfield provide services to certain clients of Firestorm pursuant to the Personal Services Agreement.

40. Suzy Loughlin and Jim Satterfield provided the services as requested by Firestorm.

41. In January and February 2019, CrisisRisk sent invoices to Firestorm for the services provided by Suzy Loughlin and Jim Satterfield at the request of Firestorm.

42. Berman directed Firestorm not to pay the CrisisRisk invoices for the services provided by Suzy Loughlin and Jim Satterfield.

43. Upon information and belief, subsequent to December 2018, the Board decided to close Firestorm as a business.

44. Upon information and belief, in or about May 2019, Rekor terminated all franchise agreements between Firestorm and the Firestorm franchisees.

45. In July 2019, Jim Satterfield attempted to exercise his Warrants.

5

46. In July 2019, Berman, in consultation with Goord and others, decided that Rekor would refuse to honor Jim Satterfield's attempt to exercise his Warrants.

47. Upon information and belief, Goord supported Berman's decision to have Rekor refuse to honor Jim Satterfield's attempt to exercise his Warrants.

48. In July 2019, Rekor refused to honor Jim Satterfield's attempt to exercise his Warrants.

49. In July 2019, Suzy Loughlin attempted to transfer her Warrants.

50. In July 2019, Berman, in consultation with Goord and others, decided that Rekor would not honor Suzy Loughlin's attempt to transfer her Warrants.

51. Upon information and belief, Goord supported Berman's decision to have Rekor refuse to honor Suzy Loughlin's attempt to transfer her Warrants.

52. In July 2019, Rekor refused to honor Suzy Loughlin's attempt to transfer her Warrants.

53. On August 19, 2019, Rekor commenced an action against the Plaintiffs entitled *Rekor Systems, Inc. v. Loughlin, et al*, (S.D.N.Y., No. 19-cv-7767 (LJL)) (the "Federal Action").

54.     Upon information and belief, the Board, including Goord, approved the commencement of the Federal Action.

55.     Upon information and belief, the Federal Action was commenced in bad faith in order to further the Retaliation Campaign.

56. In the Federal Action, Rekor alleged, among other things, that Rekor had been defrauded by the Plaintiffs with respect to the Acquisition pursuant to which Rekor acquired Firestorm.

57.    In the Federal Action, Rekor repudiated its obligations under the Warrants that were issued to the Plaintiffs pursuant to the Purchase Agreement.

58. In the Federal Action, Rekor sought the rescission of the Warrants.

### First Cause of Action
### (Breach of Fiduciary Duty)

59. Plaintiffs repeat and reallege the allegations of paragraphs 1-58 hereof.

60.    As a member of the Rekor Board, Goord owed fiduciary duties to Plaintiffs as a result of their status as shareholders and warrant holders of Rekor.

61.    Rekor's refusal to honor Ms. Loughlin's and Mr. Satterfield's attempts to exercise their Warrants and Rekor's repudiation of its obligations pursuant to all of the Warrants directly injured the Plaintiffs and improperly favored the interests of Rekor Board members Robert Berman, James McCarthy, and Richard Nathan, who own the largest percentages of Rekor stock, by preventing the active dilution of their ownership percentages by Plaintiffs' exercise of their Warrants.

62.    Rekor's refusal to honor Ms. Loughlin's and Mr. Satterfield's attempts to exercise their Warrants and Rekor's repudiation of its obligations pursuant to all of the Warrants was done in furtherance of the Retaliation Campaign.

63. As a result of the foregoing, Goord breached his fiduciary duties to the Plaintiffs.

64. As a result of the foregoing, Plaintiffs have been damaged.

65. As a result of the foregoing, Plaintiffs are entitled to a judgment against Goord in an amount to be determined at trial, but not less than the difference in value between the listed market price for Rekor stock as of July 25, 2019 and the price at which Defendants could have exercised their Warrants on that date, but not less than $1,455,000.00, together with interest thereon.

## Second Cause of Action
### (Libel)

66. Plaintiffs repeat and reallege the allegations of paragraphs 1- 65 hereof.

67. On August 14, 2019, Rekor filed a Form 10-Q with the Securities and

Exchange Commission (the "10-Q").

68. The 10-Q is publicly available on the Rekor website.

69.     Upon information and belief, after the 10-Q was filed with the SEC, Berman, or

other members of the Board and senior management of Rekor, or both, sent copies of the 10-Q to

persons in New York State.

70. The 10-Q contains the following statement:

On June 25, 2019, the we sent a letter to three former executives of the Company and
Firestorm (the Firestorm Principals). The letter described the Company's position that,
because the Firestorm Principals fraudulently induced the execution of the Membership
Interest Purchase Agreement pursuant to which Firestorm was acquired by the Company,
the entire Membership Interest Purchase Agreement and the transactions contemplated
thereby, including the issuance of the warrants, are subject to rescission.

71. The foregoing statement is of and concerning the Plaintiffs.

72.     At the time of the 10-Q, the Plaintiffs were former officers of Rekor and

Firestorm, and, prior to the Acquisition, the Plaintiffs had been the majority owners of Firestorm

and officers of Firestorm.

73. Rekor defined Harry Rhulen, Suzanne Loughlin, and James Satterfield as

the "Firestorm Principals" in its Form 10-K, filed with the SEC on April 11, 2019.

74. The statement in the 10-Q that the Plaintiffs "fraudulently induced the

execution of the Membership Interest Purchase Agreement" is false, and was made with actual

malice in order to further the Retaliation Campaign.

75. The statement in the 10-Q that the Plaintiffs "fraudulently induced the

8

execution of the Membership Interest Purchase Agreement" disparages the Plaintiffs in their business or profession and is defamatory *per se*.

76. The statement in the 10-Q was published negligently, or with malicious intent, in order to smear the Plaintiffs and to pressure Plaintiffs to acquiesce to Rekor's and the Board's determination to repudiate their obligations to Plaintiffs pursuant to the Warrants and the Notes, and to further the Retaliation Campaign.

77. As a result of the foregoing, the Plaintiffs have been injured.

78. Upon information and belief, after the 2019 Annual Meeting, the Rekor Audit Committee, including Goord, reviewed and approved the 10-Q and forwarded it to the Rekor Board for further review and approval.

79. Upon information and belief, after the 2019 Annual Meeting, there was a meeting of the Rekor Board at which the Board, including Goord, reviewed and approved the 10-Q before it was filed with the SEC. (Plaintiffs believe that the minutes of the Rekor Board, and of its Audit Committee, will show that Committee's and the Board's review and approval of the 10-Q.)

80. Plaintiffs seek the award of only nominal actual damages on this cause of action.

81. Plaintiffs seek punitive damages in the amount of $2,000,000.00.

82. Plaintiffs seek a judgment against Goord in an amount to be determined at trial, but not less than $2,000,000.00, together with interest thereon.

WHEREAS, Plaintiffs demand judgment as follows:

1. On the first cause of action, awarding Plaintiffs damages in an amount to be determined at trial, but not less than $1,455,000.00, together with interest thereon;

2. On the second cause of action, awarding Plaintiffs nominal damages, together with punitive damages in the amount of $2,000,000.00, together with interest thereon;

3. Awarding Plaintiffs the costs and expenses of this Action, including attorney's fees, and such other and further relief as may be just and proper.

Dated: July 2, 2020

Respectfully submitted,

John J. D. McFerrin-Clancy, Esq
17 State Street, 40th Floor
New York, NY 10004
646.771.7377

And

Robert C. Boneberg, Esq.
43 Madison Avenue
Maplewood, NJ 07040
bonebergesquire@gmail.com
973.886.6576

Attorneys For Plaintiffs

10

**COUNTY OF SULLIVAN**

| | |
|---|---|
| SUZANNE LOUGHLIN, HARRY RHULEN, AND JAMES SATTERFIELD | CLIENT: **BONEBERG** |
| | FF/INDEX #: **E-2020-846** |
| | DATE FILED: |
| Plantiff(s)/Petitioners(s) | DOCKET #: |
| *- AGAINST -* | |
| **GLENN GOORD** | PRESIDING: |
| | COURT D/T: |
| Defendant(s) / Respondent(s) | AMOUNT: |

## STATE OF NEW YORK, COUNTY OF ORANGE ss:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on   **7/13/20**   at   **4:40 PM**   at   **87 BERNSLEY ROAD, WOODRIDGE, NY 12789**

deponent served the within **SUMMONS & VERIFIED COMPLAINT WITH INDEX # AND DATE OF FILING ENDORSED THEREON**

on **GLENN GOORD**                                                                                   therein named

**INDIVIDUAL** ☑   By Personally delivering to and leaving with said individual, and that he knew the person so served to be the person mentioned and described in said writ.

☐   AND AT THE SAME TIME PAYING IN ADVANCE        THE AUTHORIZED FEE

**DESCRIPTION**   Deponent describes the individual served as follows:

**MALE, WHITE SKIN, GRAY HAIR, 65-70 YRS., 5'10"-5'11", 170-180 LBS.**

Other identifying features:

**BALDING**

**MILITARY SERVICE** ☑   I asked the person spoken to whether defendant / respondent was in active military service or financially dependant upon anyone who is in the military service of the United States or of the State of New York in any capacity whatsoever and received a negative reply. Defendant / respondent wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the defendant / respondent is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on: **7/15/2020**

**HEMERSON VALENCIA**

JOANN JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES AUGUST 15, 20__
01JO5031856

KATHLEEN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES NOVEMBER 30, 20__
01GO4632958

JOHN GOULD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES JULY 15, 20__
01GO5013764

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SULLIVAN**

---

Suzanne Loughlin, Harry Rhulen, and James Satterfield,

                                    Plaintiffs,

          -against-

Glenn Goord,

                                    Defendant.

---

**INDEX NO. E2020-846**

**NOTICE OF APPEARANCE**

          **PLEASE TAKE NOTICE**, that the undersigned, all members of this Court in good standing, appear as counsel of record for Defendant Glenn Goord in the above-referenced case and respectfully request that all subsequent papers in connection with this action be served upon them at the address below.

Dated:  August 7, 2020
        White Plains, New York

FLEISCHMAN BONNER & ROCCO, LLP

Keith M. Fleischman [1988690]
Joshua D. Glatter [2700243]
June H. Park [4321048]
81 Main Street, Suite 515
White Plains, New York 10601
Tel:    914.278.5100
Fax:    917.591.5425
kfleischman@fbrllp.com
jglatter@fbrllp.com
jpark@fbrllp.com

*Attorneys for Defendant*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SULLIVAN**

---

SUZANNE LOUGHLIN, HARRY RHULEN, and JAMES
SATTERFIELD,

                                Plaintiffs,

                vs.

GLENN GOORD

                                Defendant.

Index No. E2020-846

---

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties

in the above captioned action that the time for Defendant to answer or respond to the Complaint

is extended through and including September 2, 2020.

By: Robert C. Boneberg, Esq.
    43 Madison Avenue
    Maplewood, NJ 07040
    (973) 886-6576
    bonebergesquire@gmail.com

John D. McFerrin-Clancy, Esq.
17 State Street, 40th Flr.
(646) 771-7377
jmc@mcferrin-clancy.com

*Attorneys for Plaintiffs*

Dated: August 6, 2020

By:  Keith M. Fleischman
     Joshua D. Glatter
     June H Park
     **Fleischman Bonner & Rocco LLP**
     81 Main Street, Suite 515
     White Plains, NY 10601
     (914) 278-5100
     kfleischman@fbrllp.com
     jglatter@frbllp.com
     jpark@fbrllp.com

*Attorneys for Defendant*

Dated: August 6, 2020