UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SUZANNE LOUGHLIN, et al.,                                         :
                                                                  :
                    Plaintiffs,                                   :
                                                                  :         20-cv-6357 (LJL)
          -v-                                                     :
                                                                  :         MEMORANDUM AND
GLEN GOORD,                                                       :              ORDER
                                                                  :
                    Defendant.                                    :
                                                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/30/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Suzanne Loughlin, Harry Rhulen, and James Satterfield (collectively, "Plaintiffs") move for reconsideration of the Court's September 1, 2021 Opinion and Order, Dkt. No. 29, granting Defendant Glen Goord's motion to dismiss. Specifically, Plaintiffs request that the Court reinstate their claim for libel. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The facts of the case are set forth in full in the Court's Opinion and Order dated September 1, 2021. Dkt. No. 29. Plaintiffs brought claims for breach of fiduciary duty and libel against Defendant, and Defendant moved to dismiss the complaint. The Court held a hearing on the motion on August 13, 2021. Before the hearing, in an order entered on August 5, 2021, the Court advised, "At argument the parties should be prepared to discuss whether the allegedly libelous statement on Rekor's August 14, 2019 10-Q is subject to any qualified privilege and the applicability of Chapadeau v. Utica ObserverDispatch [sic], Inc., 341 N.E.2d 569 (N.Y. 1975) to that statement." Dkt. No. 23. The Court granted Defendant's motion to dismiss on September 1,

2021, holding in part that Plaintiffs' libel claim fails to state a claim upon which relief can be granted because the 10-Q statement is protected by a qualified privilege. Dkt. No. 29 at 35.

Plaintiff moved for reconsideration on September 13, 2021. Dkt. No. 31. Defendant filed its opposition on September 23, 2021, Dkt. No. 33, and Plaintiffs replied on September 29, 2021, Dkt. No. 35.

## LEGAL STANDARD

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

Plaintiffs do not argue that there has been an "intervening change of controlling law," that "new evidence" has become available, or that there is a "need to . . . prevent manifest

injustice." Instead, Plaintiffs argue that their motion for reconsideration should be granted because (1) they identify an error that, if corrected, will change the determination that the Court has made with regard to the libel claim, and (2) the dispositive argument was identified and raised *sua sponte* by the Court, and "Plaintiffs did not have a full opportunity to address it." Dkt. No. 32 at 2.

Plaintiffs contend that the Court erred in finding they did not plead actual malice. Actual malice refers to knowledge that a statement is false or reckless disregard of its truth or falsity. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). Plaintiffs argue that since they "have alleged that Rekor's assertions that Plaintiffs concealed or misrepresented the franchise royalties is false" and "[t]he Court must accept Plaintiffs' allegation," Defendant Goord, "who review [sic] and approved the first budget for Firestorm, must have known (or recklessly disregarded) that falsity of the assertion that those revenues were misrepresented." Dkt. No. 32 at 3. Plaintiffs are correct that the Court must accept all well-pleaded allegations as true on a motion to dismiss. But even assuming that this allegation is well-pleaded and therefore the assertion is presumed to be false,[1] the allegation does not suffice to establish that Defendant knew that the assertion was false or was reckless with regard to its truth or falsity. *See Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178 F. Supp. 3d 118, 162 (S.D.N.Y. 2016) ("Mere falsity . . . is not enough to establish malice.").

---

[1] Plaintiffs' Amended Complaint does not include any allegations regarding Rekor's assertions that Plaintiffs concealed or mispresented the franchise royalties or Goord's role in approving the first budget for Firestorm. *See* Dkt. No. 10. Rather the Amended Complaint alleges that "[t]he statement in the 10-Q that the Plaintiffs 'fraudulently induced the execution of the Membership Interest Purchase Agreement' is false, and was made with actual malice in order to further the Retaliation Campaign." *Id.* ¶ 83.

Plaintiffs also argue that the Court erred by finding that they did not plead common law malice. "Common-law malice means spite or ill will, and will defeat the privilege only if it is the one and only cause for the publication." *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 98 (2d Cir. 2000) (cleaned up and citations omitted). The Court held that "even if Goord harbored personal animosity against Plaintiffs as part of Berman's retaliation campaign, this ill will was not the 'one and only' reason for the statement's publication" because the statement "also provided the basis upon which the Company thought the warrants were subject to rescission, a topic of critical importance to shareholders as to which Rekor had a duty to report." *Loughlin v. Goord*, 2021 WL 3932616, at *16 (S.D.N.Y. Sept. 1, 2021). Plaintiffs argue "that this other motive played a role in Goord's decision was an inference drawn by the Court against Plaintiffs." Dkt. No. 32 at 5. As Defendant notes in its opposition to this motion, Dkt. No. 33 at 8, however, the reporting requirement is a truism. Plaintiffs do not take issue that such reporting was required. Transcript of August 13, 2021 Hearing ("Hr'g Tr."), 26:06-27:13. A plaintiff may be able to overcome that truism by pleading facts from which an inference could be drawn that a defendant did not believe it had a reporting obligation or could not have believed it had such a requirement (i.e., bad faith) thereby permitting the inference that spite or ill will was the only cause for the publication. If it were enough, however, to allege that the defendant company or its directors harbored ill will, then any individual or entity who was the subject of a negative statement in a SEC report (whether, for example, about conduct they committed as individual officers or directors of the registrant or as companies that competed against the company allegedly illegally and unfairly) could bring suit and subject the defendant to the burden of discovery, and potentially trial, chilling the very reporting that the securities laws require for informed shareholder decisionmaking and the efficient functioning of the capital markets. All

the disgruntled plaintiff would need to do is what Plaintiffs did here: omit any allegation of fact establishing bad faith and argue that—notwithstanding alleged facts establishing a requirement to report—it is the defendant's burden to prove his motive and not something that a defendant can demonstrate on a motion to dismiss or without giving the Plaintiff an opportunity for full-blown discovery.

Plaintiffs' argument that they had insufficient opportunity to address qualified privilege with respect to their libel claim is without merit.  Plaintiffs' briefing on the motion addressed the grounds on which the Court held Plaintiffs' libel claim to be deficient—whether Plaintiffs adequately pleaded malice.  Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss included Plaintiffs' arguments regarding malice in the context of a related privilege.  *See* Dkt. No. 16 at 12.  Before oral argument on Defendant's motion to dismiss, an order from the Court notified the parties that they "should be prepared to discuss whether the allegedly libelous statement on Rekor's August 14, 2019 10-Q is subject to any qualified privilege and the applicability of Chapadeau v. Utica ObserverDispatch [sic], Inc., 341 N.E.2d 569 (N.Y. 1975) to that statement."  Dkt. No. 23.  At argument, Defendant's counsel argued the issue of qualified privilege and Plaintiffs' counsel responded, addressing the *Chapadeau* case, qualified privilege, and malice, Hr'g Tr. 20:03-17, 22:20-24:19.  Near the end of the hearing, the Court gave Plaintiffs' counsel an invitation to "hear the remainder of your argument."  *Id.* 29:03-04.  Plaintiffs' counsel responded, "I think I can pretty much conclude it, your Honor. . . . We talked about the defamation claim, we talked about the waiver of any privilege, qualified privilege.  We've talked about the mixed opinion.  We talked about this is a motion on a 12(b), rather than summary judgment like *Chapadeau*. . . ."  *Id.* 29:05-10.  Plaintiff was therefore given

the opportunity to be heard on qualified privilege and issues related to it. Even now, Plaintiffs do not identify any issues of substance that he did not have the opportunity to address earlier.

For these reasons, Plaintiffs have not identified a basis on which the motion for reconsideration should be granted.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 31 and 32 and to close the case.

SO ORDERED.

Dated: September 30, 2021
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　LEWIS J. LIMAN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge